# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Janalyn S. Hinton ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Landmark Dodge, Inc. and ) <br> Doug Fletcher, ) <br> ) <br> Defendants and Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Daimler Chrysler Services North ) <br> America L.L.C., f/k/a Chrysler ) <br> Financial Company, L.L.C., ) <br> ) <br> Third-Party Defendant. ) | Case No. 05-0850-CV-ODS |

### ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand. For the following reasons, Plaintiff's Motion to Remand (Doc. # 7) is granted.

Plaintiff commenced this action on August 5, 2005 in the Circuit Court of Jackson County, Missouri, against Defendants Landmark Dodge, Inc. ("Landmark") and Doug Fletcher ("Fletcher"), a manager at Landmark. This conflict arises out of Defendants' sale of a used 2001 Dodge Ram 1500 to Plaintiff. Plaintiff alleges that Defendants committed common law fraud, violated the Missouri Merchandising Practices Act, and breached express and implied warranties. Plaintiff is a citizen of Missouri, Fletcher is a citizen of Missouri, and Landmark is a Missouri corporation. Thus, on the face of the pleadings, there is no diversity of citizenship. On September 16, 2005, Defendants removed the above-captioned matter to this Court, arguing that Plaintiff alleged a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq. which may be

removed to this Court under the provisions of 28 U.S.C. §1441(a). Plaintiff filed her Motion to Remand on October 17, 2005.

In order to have jurisdiction over the present matter, the Court must conclude that Plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. It has long been held that suits arise "under the law that creates the cause of action." American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916). The absence of a finding of federal jurisdiction requires the removed case be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). In the Eighth Circuit "all doubts about federal jurisdiction [must be resolved] in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

A federal question exists under 28 U.S.C. §1331 if the Court examines Plaintiff's "well pleaded complaint" and determines that it contains a federal question "in plaintiff's statement of his own claim." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983). This analysis requires an examination of "whether plaintiff's cause of action arises under federal law or [whether] his right to relief depend upon a 'resolution of a substantial question of federal law.'" Franchise Tax, 463 U.S. at 27-28. This Court must ascertain "whether [Plaintiff's] state-law claim necessarily states a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing a congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 125 S. Ct. 2363, 2367 (2005).

The sole basis of Defendant's removal action is Plaintiff's reference to the Magnuson-Moss Warranty Act in paragraph thirty-four of the "Allegations Common to All Counts" section in which Plaintiff stated: "At the time of the sale the vehicle did not have a 'Buyer's Guide' document specifically reciting all warranties relating to the vehicle placed in its window or given to Hinton, as required by the Magnuson-Moss Warranty Act 15 U.S.C. §§ 2301 et seq., and the regulations for the enforcement of that Act, specifically 16 C.F.R. 455.2." The Court finds that the mere reference to a federal

statute in Plaintiff's complaint as a "standard of care or conduct" is not a sufficient basis to exercise federal jurisdiction over the claims. Greene v. General Motors Corp., 261 F. Supp. 2d 414 (W.D.N.C. 2003). Plaintiff's complaint is firmly rooted in state law in that it alleges common law fraud, violations of the Missouri Merchandising Practices Act, and breach of express and implied warranties. Put another way, Plaintiff's state law claims do not raise a federal issue, actually disputed and substantial, which may be entertained by this Court without disturbing the congressionally approved balance of federal and state judicial responsibility. Grabel, 125 S. Ct. at 2367.

Defendants failed to demonstrate that federal jurisdiction exists in the present case. Pursuant to 28 U.S.C. 1447(c), Plaintiff's Motion to Remand is granted, and this case is remanded to the Circuit Court of Jackson County, Missouri. Plaintiff's request for attorney's fees is denied.

IT IS SO ORDERED.

Date: February 23, 2006 /s/Ortrie D. Smith
Ortrie D. Smith, Judge
United States District Court